COPY

FILED

2008 NOV 19 PM 3: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1 | Donald J. Kula, Bar No. 144342
2 | Sang Min Lee, Bar No. 217635
PERKINS COIE LLP
3 | 1620 26th Street, Sixth Floor
Santa Monica, California 90404-4013
4 | Telephone: 310.788.9900
5 | Facsimile: 310.788.3399
6 | DKula@perkinscoie.com
ALee@perkinscoie.com
7
8 | C. Mark Kittredge (pro hac vice pending)
Aaron S. Welling (pro hac vice pending)
9 | PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
10 | Phoenix, Arizona 85012-2788
11 | Telephone: 602.351.8000
Facsimile: 602.648.7000
12 | MKittredge@perkinscoie.com
13 | AWelling@perkinscoie.com
14
Attorneys for Defendants
15

16 |            UNITED STATES DISTRICT COURT

17 |            CENTRAL DISTRICT OF CALIFORNIA

FAXED

18

| 19 SURFWARE, INC., a California Corporation, | Case No. CV08-06753 AHM AJWx |
|---|---|
| 20 | |
| 21                  Plaintiff, | ANSWER AND COUNTERCLAIM |
| 22          v. | –AND– |
| 23 CELERITIVE TECHNOLOGIES, INC., an Arizona Corporation, TERRY | DEMAND FOR JURY TRIAL |
| 24 SORENSEN, an individual, GLENN COLEMAN, an individual, EVAN | |
| 25 SHERBROOKE, an individual and DOES 1-10, | |
| 26 | |
| 27                  Defendants. | |
| 28 | |

1  CELERITIVE TECHNOLOGIES,
2  INC., an Arizona Corporation, TERRY
   SORENSEN, an individual, GLENN
3  COLEMAN, an individual, EVAN
4  SHERBROOKE, an individual,

5          Counterclaimants,

6      v.

7  SURFWARE, INC., a California
   Corporation, and STEPHEN DIEHL, an
8  individual,

9          Counterdefendants.
10

11      This Court has supplemental jurisdiction of Celeritive Technologies Inc.'s

12 counterclaims under 28 U.S.C. § 1367.

13      Defendants Celeritive Technologies Inc., ("CELERITIVE"), an Arizona

14 Corporation, and Terry Sorensen, an individual ("SORENSEN"); Glenn Coleman, an

15 individual ("COLEMAN"); and Evan Sherbrooke, an individual ("SHERBROOKE," all

16 individuals collectively, "INDIVIDUAL DEFENDANTS," all defendants collectively

17 "DEFENDANTS") for their Answer to Plaintiff Surfware, Inc.'s ("SURFWARE'S")

18 Complaint, admit, deny, and state as follows:

19      1.    Deny the allegations of Paragraph 1.

20      2.    Deny the allegations of Paragraph 2.

21      3.    Answering Paragraph 3, admit forming CELERITIVE and admit

22 developing the VoluMill machining software ("VOLUMILL"). Deny the remaining

23 allegations in paragraph 3.

24      4-5.   Answering Paragraphs 4 & 5, deny "jurisdiction exists for the state law

25 claims under 28 U.S.C. § 1337(a)" and deny Plaintiff's state law claims are "closely

26 related" to Plaintiff's 18 U.S.C. § 1030 Computer Fraud claim.  Admit the

27 remaining allegations of Paragraphs 4 & 5.

28      6.    Admit.

-2-

1    7-10.  Admit the allegations of Paragraphs 7-10.

2    11.    Deny knowledge or information sufficient to form a belief as to the
3    truth or falsity of the allegations of Paragraph 11.

4    12.    Deny the allegations of Paragraph 12.

5    13-15.  Deny knowledge or information sufficient to form a belief as to the
6    truth or falsity of the allegations of Paragraph 13-15.

7    16.    Answering Paragraph 16, admit that beginning on or about April 24,
8    2006, until April 12, 2007 SORENSEN was the CEO and President of SURFWARE.
9    The statements regarding "duty" state a legal conclusion, to which no answer is
10   required and on that basis are denied.   Deny the remaining allegations of
11   Paragraph 16.

12   17.    Answering Paragraph 17, admit that beginning on or about August 28,
13   2000, until April 12, 2007, COLEMAN was employed by SURFWARE.  COLEMAN was
14   elevated to Vice President of Product Design on or about December 12, 2003.
15   Deny the remaining allegations of Paragraph 17.

16   18.    Answering Paragraph 18, state that beginning on or about November
17   3, 2004, until April 12, 2007, SHERBROOKE was employed by SURFWARE.
18   SHERBROOKE worked as a System Architect and was elevated to Vice President of
19   Product Development on or about March 2006.  Deny the remaining allegations of
20   Paragraph 18.

21   19-20.  Admit that SURFWARE developed and sought to patent features of
22   TRUEMILL.  Deny knowledge or information sufficient to form a belief as to the
23   truth or falsity of the remaining allegations of Paragraphs 19-20.

24   21.    Answering Paragraph 21, deny SHERBROOKE and COLEMAN had access
25   to "these databases." Deny knowledge or information sufficient to form a belief as
26   to the truth or falsity of the remaining allegations of Paragraph 21.

27   22-25.  Deny knowledge or information sufficient to form a belief as to the
28   truth or falsity of the allegations of Paragraph 22-25.

-3-

26.     Answering Paragraph 26, admit SORENSEN signed a "New Employee Confidential Information and Inventions Agreement" on April 18, 2006.   Admit COLEMAN signed a "New Employee Confidential Information and Inventions Agreement" on August 15, 2000.  Admit SHERBROOKE signed a "New Employee Confidential Information and Inventions Agreement" on November 8, 2004.  Refer to the contents of the documents for their content and deny Paragraph 26 to the extent it is inconsistent with the documents.  Deny the remaining allegations of Paragraph 26.

27.     Answering Paragraph 27, state that SORENSEN signed an "Employment Agreement."   Refer to the contents of the document for its contents and deny Paragraph 27 to the extent it is inconsistent with the document. Deny the remaining allegations of Paragraph 27.

28.     Answering Paragraph 28, deny SHERBROOKE and COLEMAN had "unrestricted access."   Admit SORENSEN had "unrestricted access."   Deny the allegations of Paragraph 28.

29.     Answering Paragraph 29, state that SURFWARE agreed to explore a possible joint venture between SURFWARE and COLEMAN and SHERBROOKE. Deny the remaining allegations of Paragraph 29.

30.     Answering Paragraph 30, state that COLEMAN and SHERBROOKE and SURFWARE signed a "Letter of Intent" addressing a joint venture and preparation of a business plan for a joint venture.   State that SURFWARE, COLEMAN, and SHERBROOKE signed a "Mutual Non-Disclosure Agreement."  Refer to the contents of the document for its contents and deny Paragraph 30 to the extent it is inconsistent with the document.  Deny the remaining allegations of Paragraph 30.

31. Answering Paragraph 31, state that COLEMAN and SHERBROOKE offered to share their business plan with SURFWARE but SURFWARE refused to sign the necessary confidentiality agreement.   Deny the remaining allegations of Paragraph 31.

-4-

32-33.   Deny the allegations of Paragraphs 32-33.

34.   Answering Paragraph 34, admit that SORENSEN was terminated as CEO and President of SURFWARE on or about April 12, 2007.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "SORENSEN emailed a list of over 135 email addresses of SURFWARE customers from his SURFWARE email address to his home address."   Deny the remaining allegations of Paragraph 34.

35.   Answering Paragraph 35, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "several resellers informed SURFWARE that COLEMAN and SHERBROOKE repeatedly called them in attempts to procure business for CELERITIVE."   Deny the remaining allegations of Paragraph 35.

36.   Answering Paragraph 36, refer to the document for its content and deny Paragraph 36 to the extent it is inconsistent with the document.   Deny the remaining allegations of Paragraph 36.

37.   Answering Paragraph 37, state that as of or about April 27, 2007, SHERBROOKE and COLEMAN and SORENSEN were registered as the directors of CELERITIVE. State that VOLUMILL was released to the market on or about October 8, 2007. Deny the remaining allegations of Paragraph 37.

38.   Deny the allegations of Paragraph 38.

39.   Answering Paragraph 39, admit SURFWARE sent cease and desist letters to the INDIVIDUAL DEFENDANTS on or about September 5, 2007 and September 14, 2007.   State that the INDIVIDUAL DEFENDANTS responded to the letters. Deny the remaining allegations of Paragraph 39.

40.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-39 as though fully set forth herein.

41.   Answering Paragraph 41, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs 41.

1    42.    Admit that there were terms of usage for SURFWARE's computers.

2    Deny the allegations of this paragraph to extent inconsistent with those terms.

3    43.    Answering   Paragraph   43,   admit   SORENSEN,   COLEMAN   and

4    SHERBROOKE had access to information stored on SURFWARE's computers.  Deny

5    knowledge or information sufficient to form a belief as to the truth or falsity of the

6    allegation "[t]hese trade secrets and other confidential and proprietary information

7    included, but were not limited to, SURFWARE's customer lists and software

8    programs for TrueMill."  Deny the remaining allegations of Paragraph 43.

9    44.    Answering Paragraph 44, state that Paragraph 44 is legal conclusion

10   and deny knowledge or information sufficient to form a belief as to the truth or

11   falsity of the allegations of Paragraph 44.

12   45-53.  Deny the allegations of Paragraphs 45-53.

13   54.    DEFENDANTS hereby incorporate their answers to Paragraphs 1-54 as

14   though fully set forth herein.

15   55.    Answering Paragraph 55, deny knowledge or information sufficient to

16   form a belief as to the truth or falsity of the allegations of Paragraphs 55.

17   56.    Admit that there were terms of usage for SURFWARE's computers.

18   Deny the allegations of this paragraph to extent inconsistent with those terms.

19   57.    Answering   Paragraph   57,   admit   SORENSEN,   COLEMAN   and

20   SHERBROOKE had access to information stored on SURFWARE's computers.  Deny

21   knowledge or information sufficient to form a belief as to the truth or falsity of the

22   allegation "[t]hese trade secrets and other confidential and proprietary information

23   included, but were not limited to, SURFWARE's customer lists and software

24   programs for TrueMill."  Deny the remaining allegations of Paragraph 57.

25   58.    Answering Paragraph 58, state that Paragraph 58 is legal conclusion

26   and deny knowledge or information sufficient to form a belief as to the truth or

27   falsity of the allegations of Paragraph 58.

28   59-68.  Deny the allegations of Paragraphs 59-68.

1    69.    DEFENDANTS hereby incorporate their answers to Paragraphs 1-68 as
2    though fully set forth herein.

3    70.    Deny.

4    71-73.    Answering Paragraphs 71-73, deny knowledge or information
5    sufficient to form a belief as to the truth or falsity of the allegations of Paragraphs
6    71-73.

7    74-78. Deny the allegations of Paragraphs 74-78.

8    79.    DEFENDANTS hereby incorporate their answers to Paragraphs 1-78 as
9    though fully set forth herein.

10   80-86. Deny the allegations of Paragraphs 80-86.

11   87.    DEFENDANTS hereby incorporate their answers to Paragraphs 1-86 as
12   though fully set forth herein.

13   88.    Answering Paragraph 88, admit that DEFENDANTS are aware that
14   SURFWARE has economic relationships with customers.   Deny knowledge or
15   information sufficient to form a belief as to the truth or falsity of the remaining
16   allegations.

17   89-91.  Deny the allegations of Paragraphs 89-91.

18   92.    Deny knowledge or information sufficient to form a belief as to the
19   truth or falsity of Paragraph 92.

20   93-105.  Deny the allegations of Paragraphs 93-105.

21   106.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-105 as
22   though fully set forth herein.

23   107-115.  Deny the allegations of Paragraphs 107-115.

24   116.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-115 as
25   though fully set forth herein.

26   117-125.  Deny the allegations of Paragraphs 117-125.

27   126.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-125 as
28   though fully set forth herein.

127-128.   Answering Paragraphs 127-28, admit INDIVIDUAL DEFENDANTS each signed a written "New Employee Confidential Information and Inventions Agreement."  Refer to the documents for their content and deny Paragraphs 127-28 to the extent they are inconsistent with the document.   Deny the remaining allegations of Paragraphs 127-28.

129-130.   Answering Paragraphs 129-130, admit SORENSEN signed an "Employment Agreement."   Refer to the document for its contents and deny Paragraphs 129-130 to the extent they are inconsistent with the document.  Deny the remaining allegations of Paragraphs 129-130.

131.  Answering Paragraph 131, admit COLEMAN and SHERBROOKE signed a "Mutual Non-Disclosure Agreement."  Refer to the documents for their content and deny Paragraph 131 to the extent it is inconsistent with the documents.  Deny the remaining allegations of Paragraph 131.

132.  Answering Paragraph 132, state that Paragraph 132 is a legal conclusion and deny.

133.  Answering Paragraph 133, state that Celeritive was incorporated on or about April 26, 2007.  Deny the remaining allegations of Paragraph 133 .

134.  Deny.

135.  DEFENDANTS hereby incorporate their answers to Paragraphs 1-134 as though fully set forth herein.

136.  Answering Paragraph 136, state that Paragraph 136 is a legal conclusion and deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 136.

137-140.  Deny the allegations of Paragraphs 137-140.

141.  DEFENDANTS hereby incorporate their answers to Paragraphs 1-140 as though fully set forth herein.

142-146.  Deny the allegations of Paragraphs 142-146.

147.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-146 as though fully set forth herein.

148-152.   Deny the allegations of Paragraphs 148-152.

153.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-152 as though fully set forth herein.

154.   Answering Paragraph 154, refer to the Code itself and deny Paragraph 154 to the extent it is inconsistent with the Code.

155-56.   Admit.

157-160.   Deny the allegations of Paragraphs 157-160.

161.   Answering Paragraph 161, state that Paragraph 161 is a legal assertion and conclusion and deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 161.

162.   Deny the allegations of Paragraph 162.

163.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-162 as though fully set forth herein.

164-70.   Deny the allegations of Paragraph 164-170.

171.   Answering Paragraph 171, state that Paragraph 171 is a legal assertion and conclusion and deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 171.

172.   DEFENDANTS hereby incorporate their answers to Paragraphs 1-171 as though fully set forth herein.

173-177.   Deny the allegations of Paragraphs 173-177.

178.   Deny that Plaintiff is entitled to any relief in this action; and except as expressly admitted or stated above, denies each and every allegation, express or implied, of the Complaint.

Wherefore, Plaintiff is entitled to no relief under its Complaint and DEFENDANTS ask the Court to enter judgment in favor of DEFENDANTS in an amount equal to its reasonable costs and expenses, including attorneys' fees,

1   incurred in connection with the resolution of the disputes between Plaintiff and

2   DEFENDANTS.

3                              Affirmative Defenses

4                           **First Affirmative Defense**

5                            (Conduct Not "Unlawful")

6         179.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are

7   barred in whole or in part because DEFENDANTS' practices are not "unlawful"

8   within the meaning of the Business and Professions Code.  Furthermore, the utility

9   of the practices outweigh any potential harm.

10                         **Second Affirmative Defense**

11                           (Conduct Not "Unfair")

12        180.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are

13  barred in whole or in part because DEFENDANTS' business practices are not "unfair"

14  within the meaning of the Business and Professions Code.  Furthermore, the utility

15  of the practices outweigh any potential harm.

16                          **Third Affirmative Defense**

17               (Conduct Not "Fraudulent" Nor "Likely To Mislead")

18        181.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are

19  barred in whole or in part because DEFENDANTS' practices are not and were not

20  fraudulent or likely to mislead or deceptive.   Furthermore, the utility of the

21  practices outweigh any potential harm.

22                         **Fourth Affirmative Defense**

23                          ("Ready Ascertainability")

24        182.   Plaintiff's claims for Misappropriation of Trade Secret are barred

25  because the alleged trade secrets are readily ascertainable and known to the public.

26

27

28

**Fifth Affirmative Defense**

("Independent Development")

183.   Plaintiff's claims for Misappropriation of Trade Secret are barred because DEFENDANTS alleged misappropriation was independently developed.

**Sixth Affirmative Defense**

("Economic Loss Rule")

184.   Plaintiff's tort and contract claims are limited and/or barred by the Economic Loss Rule.

**Seventh Affirmative Defense**

("Absolute Barrier to Relief")

185.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are barred in whole or in part because the Business and Professions Code cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law.

**Eighth Affirmative Defense**

(Adequate Remedy At Law)

186.   Plaintiff's causes of action, and Plaintiff's injunctive and restitution remedies, are barred in light of the fact that Plaintiff has adequate remedies at law.

**Ninth Affirmative Defense**

(Prior Substantiation)

187.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are barred in whole or in part by the prior substantiation doctrine because DEFENDANTS have a reasonable basis for their product claims, whether express or implied.

**Tenth Affirmative Defense**

(Exhaustion/Primary Jurisdiction)

188.   The Complaint, and each purported cause of action therein, is barred by the doctrine of exhaustion and/or primary jurisdiction.

**Eleventh Affirmative Defense**

(Failure to State a Claim)

189.   The Complaint, and each purported cause of action therein, fails to state claims upon which relief can be granted, including (but not limited to) Plaintiff's claim under 18 U.S.C. § 1030. et. seq. and Interference With Employment Contract.

**Twelfth Affirmative Defense**

(Unclean Hands)

190.   The Complaint, and each cause of action in it, is barred by the doctrine of unclean hands.

**Thirteenth Affirmative Defense**

(Failure to Act in Good Faith)

191.   As a result of Plaintiff's bad faith, Plaintiff's Eighth and Ninth causes of action are barred in whole or in part.

192.   Among other things, Plaintiff failed to act in good faith under the "Mutual Disclosure Agreement" when it refused to guarantee to Sherbrooke and Coleman that the business plan would remain confidential.

**Fourteenth Affirmative Defense**

(Barred by Terms of the Writing)

193.   Plaintiff's claims are barred by the terms of the writings it purports to enforce.

**Fifteenth Affirmative Defense**

(Mitigation of Damages)

194.   Plaintiff is not entitled to recover its damages, if any, to the extent it failed to mitigate its damages as required by law.

**Sixteenth Affirmative Defense**

(Safe Harbor)

195.   Plaintiff's Twelfth, Thirteenth, and Fourteenth causes of action are barred in whole or in part due to the doctrine of "safe harbor."

**Seventeenth Affirmative Defense**

(Waiver, Estoppel, and Laches)

196.   The Complaint, and each purported cause of action therein, is barred because Plaintiff engaged in conduct sufficient to constitute a waiver and/or estoppel and/or laches against it to pursue the alleged claims.

197.   Among other things, Plaintiff waited more than a year from the time of the response to its cease and desist letters until bringing this action.

198.   Among other things, Plaintiff waited more than a year from the time CELERITIVE first marketed VOLUMILL until bringing this action.

**Eighteenth Affirmative Defense**

(Failure to Allege Fraud with Particularity)

199.   Plaintiff has failed to plead its allegations of fraud with particularity.

**Nineteenth Affirmative Defense**

(Other Affirmative Defenses)

200.   DEFENDANTS state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate, including those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

## COUNTERCLAIMS

Defendants, and Counterclaimants Celeritive Technologies Inc., ("CELERITIVE") and Terry Sorensen, an individual ("SORENSEN"); Glenn Coleman, an individual ("COLEMAN"); and Evan Sherbrooke, an individual (together

1    "DEFENDANTS") for their counterclaims against Surfware Inc. ("SURFWARE"), a

2    California corporation, and against Stephen Diehl, an individual, allege as follows:

3    **Parties**

4      1.      CELERITIVE is an Arizona corporation with its principal place of

5    business in Arizona.

6      2.      Terry Sorensen is an individual residing in California

7      3.      Evan Sherbrooke is an individual residing in California

8      4.      Glenn Coleman is an individual residing in Arizona

9      5.      SURFWARE is a California corporation with its principal place of

10    business in the County of Ventura, California.

11      6.      Stephen Diehl is an individual residing in California.

12    **Jurisdiction and Venue**

13      7.      This Court has supplemental jurisdiction of CELERITIVE's

14    counterclaims under 28 U.S.C. § 1367.

15      8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a

16    substantial part of the events giving rise to the claims occurred in the County of Los

17    Angeles.

18    **Statement of Facts**

19      9.      CELERITIVE develops, markets, and sells software for computer aided

20    manufacturing, including the VOLUMILL software.

21      10.      On information and belief, SURFWARE develops, markets, and sells

22    software for computer aided manufacturing, including the TrueMill software

23    ("TRUEMILL").

24      11.      The VOLUMILL and TRUEMILL software both support computer aided

25    manufacturing.

26      12.      CELERITIVE and SURFWARE employ different business, marketing, and

27    distribution models. Accordingly, CELERITIVE has no interest in SURFWARE's

28    customer lists.

13.   Although CELERITIVE's VOLUMILL and SURFWARE's TRUEMILL software both deal with computer aided manufacturing, the two softwares are distinct.  CELERITIVE's VOLUMILL does not incorporate proprietary source code from SURFWARE's TRUEMILL.

14.   SURFWARE advertises and promotes its products and services in interstate commerce through, among other media, electronic mail, industry-sponsored conferences, press releases, Internet advertising, and sales and customer presentations.

15.   SURFWARE has made, and continues to make, unlawful, false, and misleading statements about CELERITIVE and CELERITIVE's VOLUMILL software, including:

a.   SURFWARE has threatened CELERITIVE's customers that it would sue CELERITIVE.

b.   SURFWARE has made false statements to CELERITIVE's customers and potential customers regarding CELERITIVE's future ability to provide customer support for its products.

c.   SURFWARE has made false statements to CELERITIVE's customers and potential customers that CELERITIVE's products incorporate misappropriated SURFWARE trade secret.

d.   SURFWARE has spread false information within the industry, with the intent of inducing CELERITIVE's customers and potential customers not to do business with CELERITIVE, including that SURFWARE planned to bring a lawsuit against CELERITIVE that would put it out of business.

16.   Stephen Diehl, the President and CEO of SURFWARE, and an employee and agent of SURFWARE, has made, and continues to make, false and misleading statements about CELERITIVE and CELERITIVE's VOLUMILL software, including:

-15-

a.    False statements to CELERITIVE's customers and potential customers regarding CELERITIVE's future ability to provide customer support for its products.

b.    False statements to CELERITIVE's customers and potential customers that CELERITIVE's products incorporate misappropriated trade secret.

c.    Spreading false information within the industry, including among CELERITIVE's customers and potential customers, that CELERITIVE will soon go out of business.

17.    SURFWARE sent "cease and desist" letters to the INDIVIDUAL DEFENDANTS on or about September 2007.   The INDIVIDUAL DEFENDANTS responded to the letters.  From September 2007 until filing this action, SURFWARE failed to bring suit or take other action.

**First Counterclaim**

(Unlawful Violations of Business and Professions

Code Sections 17200—Against Stephen Diehl and SURFWARE)

18.    DEFENDANTS incorporate by reference Paragraphs 1-17 as though set forth in full here.

19.    Beginning at an exact date unknown to DEFENDANTS, but at least since August 2008, SURFWARE and Stephen Diehl have committed acts of unlawful business practice as defined by Business and Professions Code §§ 17200 et seq., by engaging in the acts alleged at Paragraphs 15 & 16.

20.    These acts and practices, as alleged in Paragraphs 15 & 16, violate Business & Professions Code section 17200 and are an unlawful violation of California Civil Code § 44 because (i) Stephen Diehl and SURFWARE published the statements intentionally; (ii) the statements are false; (iii) the statements are unprivileged; (iv) DEFENDANTS have been injured thereby; and (v) the statements were made with negligent or reckless disregard of the truth.

21.     These acts and practices, as alleged in Paragraphs 15 & 16, constitute unlawful trade libel, interference with prospective economic advantage, and interference with business relations and, consequently, constitute an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

22.     By the acts and practices described above, SURFWARE has caused injury to DEFENDANTS and their business and property.  DEFENDANTS are entitled to restitution for all interest, money, or property which may have been acquired by SURFWARE as a result of SURFWARE's unlawful acts or practices.  The exact amount of restitution is presently unascertainable but will be proven at trial.

23.     Unless enjoined, SURFWARE will continue to cause injury to DEFENDANTS.  Accordingly, DEFENDANTS are entitled to temporary, preliminary, and/or permanent injunctive relief.

**Second Counterclaim**

(Unfair Violations of Business and Professions

Code Sections 17200—Against SURFWARE)

24.     DEFENDANTS incorporate by reference Paragraphs 1-23 as though set forth in full here.

25.     SURFWARE committed the acts alleged in Paragraphs 15 & 16 with the intent of suppressing competition and gaining an unfair competitive advantage.

26.     SURFWARE has filed suit in bad faith knowing there has been no misappropriation of trade secret and with the intent to suppress competition, violating the spirit and intent of antitrust law.

27.     SURFWARE's anti-competitive behavior constitutes an unfair business act and practice within the meaning of Business & Professions Code § 17200.

28.     By these acts and practices, SURFWARE has caused injury to DEFENDANTS and their business and property.  DEFENDANTS are entitled to restitution for all interest, money, or property which may have been acquired by

-17-

SURFWARE as a result of SURFWARE's unlawful acts or practices. The exact amount of restitution is presently unascertainable but will be proven at trial.

29.   Unless enjoined, SURFWARE will continue to cause injury to DEFENDANTS. Accordingly, DEFENDANTS are entitled to temporary, preliminary, and/or permanent injunctive relief.

**Third Counterclaim**

(Aiding and Abetting Violations of Section 17200—Against SURFWARE and Stephen Diehl)

30.   DEFENDANTS incorporate by reference Paragraphs 1-29 as though set forth in full here.

31.   Stephen Diehl knew and was aware of SURFWARE's practice and scheme to engage in unlawful, unfair or deceptive business acts and practices.

32.   Stephen Diehl knowingly aided and abetted or induced these violations by SURFWARE in that Stephen Diehl personally communicated false information concerning the viability of CELERITIVE and VoluMill, as alleged in Paragraph 16, to CELERITIVE customers and potential CELERITIVE Customers.

33.   SURFWARE knew and was aware of Stephen Diehl's practice and scheme to engage in unlawful, unfair or deceptive business acts and practices.

34.   SURFWARE knowingly aided and abetted or induced these violations by Stephen Diehl in that SURFWARE also communicated false information concerning the viability of CELERITIVE and VoluMill, as alleged in Paragraph 15, to CELERITIVE customers and potential CELERITIVE Customers.

35.   By these acts and practices, SURFWARE and Stephen Diehl have caused injury to DEFENDANTS and their business and property. DEFENDANTS are entitled to restitution for all interest, money, or property which may have been acquired by SURFWARE as a result of SURFWARE's unlawful acts or practices. The exact amount of restitution is presently unascertainable but will be proven at trial.

36.    Unless  enjoined,  SURFWARE  will  continue  to  cause  injury  to
DEFENDANTS.   Accordingly,  DEFENDANTS  are  entitled  to  temporary,  preliminary,
and/or permanent injunctive relief.

### Fourth Counterclaim

(Violations of Business and Professions Code Section 17500—Against SURFWARE)

37.    DEFENDANTS incorporate by reference Paragraphs 1-36 as though set
forth in full here.

38.    Beginning at an exact date unknown to DEFENDANTS, but at least since
August 2008, SURFWARE has committed acts of untrue and misleading advertising,
as defined by Business and Professions Code § 17500, by engaging in the acts and
practices alleged at Paragraph 15 with intent to induce members of the public and
CELERITIVE customers to enter into contracts for the purchase of TRUEMILL and
other SURFWARE products.

39.    The acts of untrue and misleading advertising by SURFWARE present a
continuing threat to DEFENDANTS and their customers and the public.

40.    By these acts and practices, SURFWARE has caused injury to
DEFENDANTS and their business and property.   DEFENDANTS are entitled to
restitution for all interest, money, or property which may have been acquired by
SURFWARE as a result of SURFWARE's unlawful acts or practices. The exact amount
of restitution is presently unascertainable but will be proven at trial.

41.    Unless  enjoined,  SURFWARE  will  continue  to  cause  injury  to
DEFENDANTS.   Accordingly,  DEFENDANTS  are  entitled  to  temporary,  preliminary,
and/or permanent injunctive relief.

### Fifth Counterclaim

(Trade Libel—Against Stephen Diehl and SURFWARE)

42.    DEFENDANTS incorporate by reference paragraphs 1-41 as though set
forth in full here.

43.   DEFENDANTS are informed and believe and thereon allege that beginning in August 2008, and continuing to present, SURFWARE and Stephen Diehl intentionally caused to be published false and non-privileged communications, as alleged in Paragraphs 15 & 16, tending to directly reflect negatively on DEFENDANTS' business and professional reputation, which induced and continued to induce others not to deal with DEFENDANTS

44.   DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl knew the statements made were false and acted with reckless disregard of their falsity.

45.   As a proximate result of SURFWARE's and Stephen Diehl's statements about DEFENDANTS, as alleged herein, DEFENDANTS suffered pecuniary loss. The exact amount of DEFENDANTS' damages is presently unascertainable but will be proven at trial.

46.   DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl undertook the acts and omissions herein alleged maliciously, willfully, and with the intent to injure and oppress DEFENDANTS. Therefore, DEFENDANTS are entitled to exemplary and punitive damages in an amount to be proven at trial.

**Sixth Counterclaim**

(Defamation—Against Stephen Diehl and SURFWARE)

47.   DEFENDANTS incorporate by reference paragraphs 1-46 as though set forth in full here.

48.   DEFENDANTS are informed and believe and thereon allege that beginning in August 2008, and continuing to present, SURFWARE and Stephen Diehl intentionally caused to be published false and non-privileged communications, as alleged in Paragraphs 15 & 16 tending to directly reflect negatively on DEFENDANTS' business and professional reputation, which induced and continued to induce others not to deal with DEFENDANTS.

49.     DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl knew the statements made were false and acted with reckless disregard of their falsity.

50.     As a proximate result of SURFWARE's and Stephen Diehl's statements about DEFENDANTS, as alleged herein, DEFENDANTS suffered pecuniary loss. The exact amount of DEFENDANTS' damages is presently unascertainable but will be proven at trial.

51.     DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl undertook the acts and omissions herein alleged maliciously, willfully, and with the intent to injure and oppress DEFENDANTS. Therefore, DEFENDANTS are entitled to exemplary and punitive damages in an amount to be proven at trial.

### Seventh Claim

(Interference with Prospective Economic Advantage—Against Stephen Diehl and SURFWARE)

52.     DEFENDANTS incorporate by reference Paragraphs 1-51 as though set forth in full here.

53.     DEFENDANTS have a beneficial economic relationship with their customers and with other companies and individuals in the industry, by which DEFENDANTS had a reasonable expectation of future referrals and business.

54.     With knowledge of DEFENDANTS' relationships, SURFWARE and Stephen Diehl intentionally committed the acts alleged in Paragraphs 15 & 16 with the intent to disrupt DEFENDANTS' economic relationships and advantage.

55.     The acts committed by SURFWARE and Stephen Diehl, as alleged in Paragraphs 15 & 16, constitutes wrongful conduct. SURFWARE and Stephen Diehl have committed other wrongful conduct in furtherance of their efforts to interfere with DEFENDANTS' beneficial economic relationships and advantage.

56.  SURFWARE's and Stephen Diehl's acts, as alleged in Paragraphs 15 & 16 actually disrupted DEFENDANTS beneficial economic relationship with their customers and with other companies and individuals in the industry.  As a direct and proximate result, DEFENDANTS have suffered actual economic harm and damages.  The exact amount of DEFENDANTS' damages is presently unascertainable but will be proven at trial.

57.  DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl undertook the acts and omissions herein alleged maliciously, willfully, and with the intent to injure and oppress DEFENDANTS. Therefore, DEFENDANTS are entitled to exemplary and punitive damages in an amount to be proven at trial.

## Eighth Claim

(Interference with Business Relations—Against Stephen Diehl and SURFWARE)

58.  DEFENDANTS incorporate by reference Paragraphs 1-57 as though set forth in full here.

59.  DEFENDANTS have contracts with their customers and others in the industry.

60.  On information and belief, SURFWARE and Stephen Diehl, with knowledge of DEFENDANTS' contractual relationships, intentionally committed the acts alleged in Paragraphs 15 & 16 with the intent to disrupt or cause a breach of DEFENDANTS' contractual relationships.

61.  SURFWARE's and Stephen Diehl's acts, as alleged in Paragraph 15 & 16 actually disrupted DEFENDANTS contractual relationships.  As a direct and proximate result, DEFENDANTS have suffered actual economic harm and damages. The exact amount of DEFENDANTS' damages is presently unascertainable but will be proven at trial.

62.  DEFENDANTS are informed and believe and thereon allege that SURFWARE and Stephen Diehl undertook the acts and omissions herein alleged

1  maliciously, willfully, and with the intent to injure and oppress DEFENDANTS.

2  Therefore, DEFENDANTS are entitled to exemplary and punitive damages in an

3  amount to be proven at trial.

4  **Ninth Counterclaim**

5  (Declaratory Judgment that DEFENDANTS did not Misappropriate

6  Surfware's Trade Secrets—Against SURFWARE)

7  63.   DEFENDANTS incorporate by reference Paragraphs 1-62 as though set

8  forth in full here.

9  64.   DEFENDANTS have not misappropriated SURFWARE's trade secrets nor

10  have they used SURFWARE trade secret in developing the VOLUMILL software.

11  65.   DEFENDANTS have not used SURFWARE's customer list to market its

12  products.

13  66.   SURFWARE and its agents, have made, and continue to make,

14  statements that Defendants have misappropriated Surfware's trade secrets.

15  67.   An actual controversy exists between SURFWARE and DEFENDANTS as

16  to whether DEFENDANTS actions constitute a misappropriation of trade secret.

17  68.   A judicial declaration that DEFENDANTS' VOLUMILL machining

18  software does not misappropriate SURFWARE's trade secrets is necessary and

19  appropriate at this time so that DEFENDANTS can ascertain their rights in making,

20  licensing, designing, marketing, and distributing the VOLUMILL software.

21  69.   A judicial declaration that DEFENDANTS did not misappropriate

22  Plaintiff's customer list to market VOLUMILL is necessary and appropriate at this

23  time so that DEFENDANTS can ascertain their rights in making, licensing, designing,

24  marketing, and distributing the VOLUMILL software.

25  Prayer for Relief

26  Wherefore, DEFENDANTS request that the Court enter judgment in their favor

27  and against SURFWARE and Stephen Diehl as follows:

28

-23-

1        a.     Pursuant to Business & Professions Code §§ 17203 and 17535, DEFENDANTS seek an order awarding all sums which SURFWARE and Stephen Diehl acquired by means of unlawful, unfair, or misleading acts and practices.

        b.     Declaratory Judgment that DEFENDANTS' VOLUMILL machining software does not misappropriate Plaintiff's trade secrets.

        c.     Declaratory Judgment that DEFENDANTS did not misappropriate Plaintiff's customer list.

        d.     An order that Stephen Diehl and SURFWARE its officers, agents, employees, affiliates, and all those in privity or acting in concert with SURFWARE, be enjoined temporarily, preliminarily, and/or permanently from making literally false, deceptive, and/or misleading representations about CELERITIVE and VOLUMILL.

        e.     That an accounting be entered and judgment rendered against SURFWARE and Stephen Diehl for disgorgement of all profits received from the sale of SURFWARE's products and services sold during the period when the false, deceptive, and misleading representations have been made and that DEFENDANTS be awarded such profits.

        f.     That Stephen Diehl and SURFWARE pay compensatory damages to DEFENDANTS in an amount to be determined at trial, including DEFENDANTS damage control costs and damages to DEFENDANTS sales, profits, reputation, and goodwill.

        g.     That Stephen Diehl and SURFWARE pay punitive damages to DEFENDANTS in an amount to be determined at trial due to their intentional, willful, malicious, and oppressive actions, and to deter such actions in the future.

        h.     The costs of the suit, and expenses and attorneys' fees associated with defending and prosecuting this action, and for such further relief as the Court may order.

1

## DEMAND FOR JURY TRIAL

2          DEFENDANTS respectfully demand a jury trial.

3

4     Dated:  November 19, 2008

       Donald J. Kula
5      Sang (Alvin) Lee
6      PERKINS COIE LLP
       1620 26th Street, Sixth Floor
7      Santa Monica, California  90404-4013

8      C. Mark Kittredge
9      Aaron S. Welling
       **Perkins Coie Brown & Bain P.A.**
10     2901 North Central Avenue, Suite 2000
       Phoenix, Arizona  85012-2788
11

12     Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, PAMELA VILLERAL, hereby certify that on November 19, 2008, I served by U.S. Mail a copy of the within **ANSWER AND COUNTERCLAIM –AND– DEMAND FOR JURY TRIAL** to the parties listed below.

Electronic & U.S.  Mail Service List:

Joel P. Kelly, Esq.
*KellyJ@jacksonlewis.com*
Nicky Jatana, Esq.
*JatanaN@jacksonlewis.com*
Dawn T. Collins, Esq.
*CollinsD@jacksonlewis.com*
Talya Friedman, Esq.
*FriedmaT@jacksonlewis.com*
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408

*Attorneys for Plaintiffs*

Kenneth H. Wennergren, Esq.
*khw@wennergrenlaw.com*
WENNERGREN LAW OFFICES, a
Professional Corporation
199 South Figueroa Street, Third Floor
Ventura, California  93001

*Attorneys for Plaintiffs*

[ X ]  **(BY MAIL)**   I am readily familiar with this business's practices concerning collection and processing of correspondence for mailing with the United States Postal Service, and declare that correspondence is deposited with the United States Postal Service on the same day it is internally collected at Perkins Coie LLP in the ordinary course of business.

[ ]  **(ELECTRONIC MAIL)** by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below on this date.

[X]  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 19, 2008, at Santa Monica, California.

PAMELA VILLERAL

68775-0004/LEGAL14952023.1

-26-