Joel P. Kelly, Esq. (SBN 100716)
KellyJ@jacksonlewis.com
Nicky Jatana, Esq. (SBN 197682)
JatanaN@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430
Attorneys for Plaintiff

C. Mark Kittredge *(admitted pro hac vice)*
Aaron S. Welling *(admitted pro hac vice)*
Bryan S. Banks *(admitted pro hac vice)*
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
*MKittredge@perkinscoie.com*
*AWelling@perkinscoie.com*
*Bbanks@perkinscoie.com*
Attorneys for Defendants

Counsel for all other parties jointly submitting this report are identified on the signature pages

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURFWARE, INC., a California Corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>CELERITIVE TECHNOLOGIES, INC., an Arizona Corporation, TERRY SORENSON, an individual, GLENN COLEMAN, an individual, EVAN SHERBROOKE, an individual and DOES 1-10,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV08-06753 AHM (AJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. A. Howard Matz<br><br>Complaint Filed:  October 14, 2008 |

Plaintiff Surfware, Inc. ("Surfware") and Counterclaim Defendant Stephen Diehl, and Defendants Celeritive Technologies, Inc., Terry Sorensen, Glenn Coleman, and Evan Sherbrooke (collectively "Celeritive") each have information relevant to the subject matter of this lawsuit that is subject to discovery but which the parties agree should not be disclosed to the public generally or, in some cases, to the requesting party. For the reasons set forth in the "Good Cause Statement" herein and after review of the Court's Order Re: Protective Orders and Treatment of Confidential Information, the parties have agreed to this Protective Order on the terms set forth below. It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery and pretrial proceedings and settlement negotiations in this action , and have demonstrated good cause for the entry of such Protective Order:

## STATEMENT OF GOOD CAUSE

This case involves, inter alia, an alleged misappropriation of trade secrets relating to computer aided milling technology including source code, confidential product development information, and customer lists. All parties to this suit may have non-public documents, information, and other materials in their possession, custody, or control pertaining to this technology that will be subject to discovery herein. Some of these items are highly sensitive and confidential because they contain information which, if released to the public or to a competitor, would cause harm to the parties' business and competitive interests. This material containing sensitive information includes software source code, software architecture materials, research and development records, confidential business and marketing plans, confidential customer lists and related customer information, confidential sales records and financial data. The parties have jointly drafted this proposed protective order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of their confidential and sensitive business and technical

1  information, while balancing the public's right to acquire information that properly falls
2  outside the scope of the parties' protectable, confidential interests.
3        The parties agree that disclosure of information designated as Confidential-
4  Attorneys Eyes Only as set forth herein could put the producing party at a competitive
5  disadvantage if the information became known to the receiving party.  The parties further
6  agree that adoption and adherence to this Protective Order will facilitate an orderly and
7  cost-effective discovery process and preparation for trial or settlement and that the
8  Confidential Information will not be used for any purpose that is not directly related to this
9  litigation.
10
11       IT IS HEREBY ORDERED that:
12
13    1.   This Order shall apply to all information produced during discovery and
14 settlement negotiations in this action that shall be designated by the party or person
15 producing "Confidential" or "Confidential-Attorneys Eyes Only" (collectively
16 "Confidential Information").  This Order shall not apply to information that, before
17 disclosure, is properly in the possession or knowledge of the party to whom such
18 disclosure is made, or is public knowledge.  The restrictions contained in this Order shall
19 not apply to information that is, or after disclosure becomes, public knowledge other than
20 by an act or omission of the party to whom such disclosure is made, or that is legally
21 acquired from a source not subject to this Order.
22    2.   If an exhibit; pleading; interrogatory answer or admission (collectively
23 "discovery response"); document or thing; or a deposition transcript; other transcript of
24 testimony, or declaration or affidavit (collectively "testimony") contains information
25 considered confidential by a party, such exhibit, pleading, discovery response, document
26 or thing, or testimony shall be designated "Confidential" or "Confidential-Attorneys Eyes
27 Only" by the party contending there is Confidential Information therein.
28

1    3. In connection with an exhibit, pleading, discovery response, document; or thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential technical or other information that may be reviewed by the receiving party, technical experts, and other party representatives, but must be protected against disclosure to third parties or to the general public.  A document may be designated "Confidential-Attorneys Eyes Only" only when it contains highly sensitive information, not publicly available or readily ascertained through public means, that if disclosed would put the producing party at a competitive disadvantage, including without limitation the following: financial information; cost information ; pricing information; sales information; customer lists; licenses; supplier and vendor information; technical and developmental information about a party's products; business plans; marketing strategy; new product plans and competitive strategies; and trade secrets, as that term is defined in California Civil code § 3426.1, which is incorporated herein by this reference.

5. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business purpose, proceeding, litigation, or other purpose whatsoever.  Further such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information produced by the other party and designated as "Confidential - Attorneys Eyes Only" provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. Except as otherwise agreed in writing, all documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only."  If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or

"Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 3, with access and dissemination limited as set forth in paragraphs 10-14.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within fourteen (14) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony , all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 10-14 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8. The parties further acknowledge that this Stipulated protective order creates no entitlement to file confidential information under seal; the applicable Federal Rules, local rules (including Local Rule 79-5) and other applicable Federal or State statutory law and rules shall be followed in the event a party seeks permission from the Court to file material under seal, seal a trial or hearing in this matter, or otherwise restrict non-party access to these proceedings.

9. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

    a. For Defendant: The attorneys , paralegals, agents and support staff of Perkins Coie LLP and Perkins Coie Brown & Bain P.A..

        b.      For Plaintiff: The attorneys, paralegals, agents and support staff of Jackson Lewis, LLP; Wennergren Law Offices; and Sheppard, Mullin, Richter & Hampton.

10. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below and only subject to paragraph 14:

        a.      officers, directors, or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action; provided that such person has reviewed this Protective Order and has signed the undertaking as set forth in Paragraph 13.

        b.      independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

        c.      court reporter(s) employed in this action;

        d.      agents of Trial Counsel needed to perform various services such as, for example, copying of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

        e.      any individual who was the author or an authorized recipient of a document, regardless of its designation; and

        f.      any other persons as to whom the parties in writing agree.

1    11. Material designated as "Confidential-Attorneys Eyes Only" that has been
2 obtained from a party during the course of this proceeding may be disclosed or made
3 available only to the Court, to Trial Counsel for either party (subject to the prosecution bar
4 in subparagraph (f) below), and to the persons designated below:

5    a. independent experts or consultants (together with their clerical staff)
6       retained by such Trial Counsel to assist in the prosecution, defense, or
7       settlement of this action;
8    b. court reporter(s) employed in this action;
9    c. agents of Trial Counsel needed to perform various services such as,
10      for example, copying of exhibits, and support and management
11      services, including vendors retained by the parties, or by counsel for
12      the parties, for the purpose of encoding, loading into a computer and
13      storing and maintaining for information control and retrieval
14      purposes, transcripts of depositions, hearings, trials, pleadings,
15      exhibits marked by a party, or attorneys' work product, all of which
16      may contain material designed Confidential-Attorneys Eyes Only;
17    d. any individual who was the author or an authorized recipient of a
18      document, regardless of its designation;
19    e. any other persons as to whom the parties in writing agree;
20    f. provided, however, any Trial Counsel or independent expert or
21      consultant who receives "Confidential-Attorneys Eyes Only"
22      information shall not participate in any way (including but not limited
23      to participating in a supervisory capacity) in the prosecution or
24      preparation of any application for patents on behalf of any party to
25      this action (or any entity or person in privity with such party) relating
26      to computer aided design or computer aided milling (including but not
27      limited to any application claiming priority to or otherwise related to

patents asserted in this action), or in any reexamination or reissue proceeding granted concerning any application or issued patent in such fields, or advise any client concerning strategies for obtaining or preserving patent rights in such fields, from the time of receipt of such information through and including two (2) years following the complete termination of this action by either entry of a final, non-appealable judgment or order, the complete settlement of all claims against all parties in this action, or any other means.

12. Review of machine readable or executable source code: Machine-readable, executable or native forms of source code produced by any party shall be considered "Confidential-Attorneys Eyes Only" by the receiving party and shall be accessed only on a single "stand-alone" computer (i.e., computer not connected to a network, the Internet, a removable storage device, or a peripheral device, except that the computer may be connected to one or more printers) at a secure location at the offices of each of the following: Perkins Coie LLP, Perkins Coie Brown & Bain P.A., Sheppard Mullin, Jackson Lewis, one expert for defendants (subject to paragraph 14 below), one expert for Surfware (subject to paragraph 14 below). No other copies of such code shall be made The receiving party shall bates number and label "Confidential-Attorneys Eyes Only" each page of such code that is printed. Printed pages of such code may be used subject to paragraph 11 above. Nothing in this paragraph limits the use of executable versions of the parties' respective software applications (i.e., other than source code).

13. Any officer, director or designated employee of any party under paragraph 10(a) having access to Confidential Information shall be given a copy of this Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this Order and not to make use of any such Confidential Information other than solely for purpose of

1  this litigation, and shall acknowledge in writing by signing a document in the form of
2  Exhibit A attached hereto.
3      14.   For the purpose of this Protective Order an independent expert or consultant
4  shall be defined as a person, who is not an employee of a party or scheduled to become an
5  employee in the near future, and who is retained or employed as a bona fide consultant or
6  expert for purposes of this litigation, either full or part-time, by or at the direction of
7  counsel of a party.  The procedure for having an independent expert or consultant
8  approved for access to information designated as "Confidential" or "Confidential-
9  Attorneys Eyes Only" shall be as follows:
            a.   The party seeking to have an independent expert or consultant, as
                defined in paragraph 14, approved shall provide the producing party with:
                    (1)   The name of the person;
                    (2)   The present employer and title of the person;
                    (3)   An up-to-date curriculum vitae; and
                    (4)   A written acknowledgment in the form of Exhibit A attached
                          hereto, signed by the person for whom approval is sought, that
                          the person has read this Stipulated Protective Order and agrees
                          to be bound by its terms.
            b.   Within seven (7) calendar days after delivery of a copy of the
                information and the written acknowledgment described in Paragraph 14(a),
                the producing party may object to the person proposed for approval upon a
                reasonable basis.  Failure to object within seven (7) calendar days to the
                person proposed shall be deemed approval, but shall not preclude a
                producing party from later objecting to continued access by that person
                where facts suggesting a basis for objection are subsequently learned by the
                producing party or its counsel.  If objection is made, the "Confidential" or
                "Confidential-Attorneys Eyes Only" Information shall not be disclosed to the

designated person except by order of the Court, agreement by the parties or failure to file a timely motion pursuant to paragraph 14(c).

c. If the parties are unable to reach agreement over the disclosure of material and information designated as "Confidential " or "Confidential-Attorneys Eyes Only" to the designated person, producing party shall request by motion that the Court issue an order precluding the disclosure of such material and information to the designated person. Barring exigent circumstances, any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. The "Confidential" or "Confidential-Attorneys Eyes Only" information may be disclosed if the producing party fails to move the Court for an appropriate order pursuant to the Local Rules of this district within three weeks of the date of the producing party's objection. If-the producing party timely files a motion with the court for an appropriate order, the "Confidential" or "Confidential -Attorneys Eyes Only" information may not be disclosed to the designated person unless and until the Court denies the producing party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require, but such expedited request must be made pursuant to the Local Rules of this district. Since the producing party contends that the information in question should not be disclosed publicly, at a minimum, the parties shall file the Joint Stipulation required by the Local Rules of this district under seal. The parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties shall set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

d. It is understood and agreed that if, pursuant to this Order, a party identifies a person as an expert, no other party shall contact the expert nor

subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

15. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that portions of the deposition are designated as Confidential or Confidential-Attorneys' Eyes Only pursuant to this Order. When it is impractical to identify separately each portion of testimony that is entitled to protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 14 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

16. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential-Attorneys Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or non-party of any information as "Confidential" or "Confidential-Attorneys Eyes Only" the parties and any producing non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement

1   cannot be resolved on an informal basis, the objecting party may move the Court for an
2   Order modifying the designated status of such information.  Any such motion will be made
3   in strict compliance with Local Rules 37-1 and 37-2.  Until the Court rules on the
4   challenge, all parties shall continue to afford the material in question the level of protection
5   to which it is entitled under the challenged designation.  In the event of any dispute as to
6   the propriety of a redaction, the party objecting to the redaction may submit the issue to the
7   Court for review pursuant to the Local Rules of this district.
8           17.     Notwithstanding anything contrary herein, if a party through inadvertence or
9   mistake produces any Confidential Information without marking it with the legend
10  "Confidential" or "Confidential--Attorneys Eyes Only" or by designating it with an
11  incorrect level of confidentiality, the producing party may give written notice to the
12  receiving party that the exhibit, pleading, discovery response, document or thing, or
13  testimony contains Confidential Information and should be treated as such in accordance
14  with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt
15  of properly marked materials, the receiving party shall return said unmarked materials and
16  not retain copies thereof, and must treat such exhibits, pleadings, discovery responses,
17  documents or things, or transcript testimony as Confidential Information and shall
18  cooperate in restoring the confidentiality of such Confidential Information.  The
19  inadvertent or unintentional disclosure by a party of Confidential Information, regardless
20  of whether the information was so designated at the time of disclosure, shall not be deemed
21  a waiver in whole or in part of a party's claim of confidentiality either as to the specific
22  information disclosed or as to any other information relating thereto or on the same or
23  related subject matter, provided that the non-producing party is notified and properly
24  marked documents are supplied as provided herein.  The receiving party shall not be
25  responsible for the disclosure or other distribution of belatedly designated Confidential
26  Information as to such disclosure or distribution that may occur before the receipt of such
27  notification of a claim of confidentiality and such disclosure or distribution shall not be
28

1  deemed to be a violation of this Protective Order.  In the event of any dispute as to the
2  designation pursuant to this paragraph shall be resolved in accordance with paragraph 16.
3         18.    In the event the producing party produces any information deemed
4  Confidential Information of the receiving party without marking it with the legend
5  "Confidential" or "Confidential--Attorneys Eyes Only" or by designating it with an
6  incorrect level of confidentiality, the receiving party may give written notice to the
7  producing party that the exhibit, pleading, discovery response, document or thing, or
8  testimony contains Confidential Information and should be treated as such in accordance
9  with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt
10 of properly marked materials, the producing party shall destroy said unmarked or
11 inappropriately marked materials and not retain copies thereof, and must treat such
12 exhibits, pleadings, discovery responses, documents or things, or transcript testimony as
13 Confidential Information and shall cooperate in restoring the confidentiality of such
14 Confidential Information.  The disclosure by a party of Confidential Information,
15 regardless of whether the information was so designated at the time of disclosure, shall not
16 be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the
17 specific information disclosed or as to any other information relating thereto or on the
18 same or related subject matter.  In the event of any dispute as to the designation pursuant to
19 this paragraph shall be resolved in accordance with paragraph 16.
20        19.    Documents and things produced or made available for inspection may be
21 subject to redaction, in good faith by the producing party, of sensitive material that is
22 neither relevant to the subject of this litigation nor reasonably calculated to lead to the
23 discovery of admissible evidence, is subject to the attorney-client privilege, work-product
24 immunity or is protected by a third party's privacy rights.  Each such redaction, regardless
25 of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any
26 party's right to seek disclosure of redacted information.
27
28

20. If information subject to a claim of attorney-client privilege or work-product is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order pursuant to Local Rules 37-1 and 37-2, compelling production of such information, but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

21. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

22. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery, nor shall it relieve a party of the necessity of proper responses to discovery requests.

23. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorneys Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary or of a

trade secret nature.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:

      a.    whether any particular information is or is not Confidential Information;

      b.    whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

      c.    whether any particular information is or is not relevant to any issue in this case, provided that in doing so the party complies with the foregoing procedures.

24.    The terms of the Protective Order are applicable to Confidential Information produced and appropriately designated by a nonparty, and Confidential Information produced by a non-party connection with this litigation is protected by the remedies and relief provided by the Protective Order.  To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

25.    Unless otherwise ordered or agreed in writing, within one-hundred (100) days after final determination of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.  Final termination shall mean the exhaustion of all time periods for appeal following the entry of judgment or dismissal as to all parties and all claims.

26.    This Stipulated Protective Order is without prejudice to the right of a party

////

////

////

1  hereto to seek relief from the Court pursuant to the Local Rules of this district, upon good
2  cause shown, from any of the provisions or restrictions provided herein.

3  Dated: January 6, 2008

JACKSON LEWIS LLP

By       /s/ Joel P. Kelly
      JOEL P. KELLY
Attorneys for Plaintiff SURFWARE, INC.

Dated: January 6, 2008

WENNERGREN LAW OFFICES

By       /s/ Kenneth H. Wennergren
      KENNETH H. WENNERGREN
Attorneys for Plaintiff SURFWARE, INC.

Dated: January 6, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ Steven M. Hanle
      STEVEN M. HANLE
Attorneys for Plaintiff SURFWARE, INC.

Dated: January 6, 2008

PERKINS COIE

By       /s/ Mark Kittredge
      C. MARK KITTREDGE
Attorneys for Defendants

IT IS SO ORDERED

DATED: January 08, 2009_____

Andrew J. Wistrich
ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

W02-WEST:3JAT1\401208954.2

-16-

## EXHIBIT A

### ACKNOWLEDGEMENT AND NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Stipulated Protective Order entered in <u>Surfware, Inc. v. Celeritive Technologies, Inc.</u>, Case No. 08-06753. I agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

DATED: _____     By:_____